No. 573

POULOS et v. TOLEDO LABOR BLDG. CO.

No. 19132. Supreme Court.

On motion to certify. May 11, 1925, 3 Abs. 328.

**703. LANDLORD & TENANT—Is demanding and receiving three months back rent indicative of the relation of?**

John Poulos and Peter Fushaniş were partners in a confectionary and grocery business and tenants of a store under a long term lease, of which the Toledo Labor Bldg. Co: was landlord. The lease contained covenants against unlawful acts upon the leased premises, and authorized the landlord to forfeit the lease in case of violation.

On January 24, 1924, the partners were arrested, and in February, they were indicted for unlawful conspiracy to sell, unlawful possession, and unlawful sale of a package of cocaine at and near their home and some blocks distant from the leased premises.

The directors of the Building Co. discussed the matter and decided to await the outcome of the trial which ocurred in April 1924. Thereupon the landlord collected $162 for rent during February, March and April. The partners were convicted the later part of April 1924 whereupon the landlord or Building Co. brought forcible entry and detainer in the Municipal Court of Toledo, and was awarded a writ of restitution. This judgment was affirmed in the Lucas Common Pleas and in the Court of Appeals. Poulos and Fushanis were put into bankruptcy and a receiver placed in charge of the premises. The unexpired term of the lease in dispute was appraised in bankruptcy at $18,000.

The case is taken to the Supreme Court and LeRoy Cramer avers that Poulos and Fushanis were leasee upon a monthly rental of an unexpired term of 15 years upon a lease from the Ashley Realty Company, said Realty Company having afterward conveyed said premises to the Building Co. subject to said lease.

It is contended that the law in Ohio respecting the extent of jurisdiction of a Municipal Court in forcible entry and detainer, to hear and determine cases of this character is a question of great and growing importance not yet settled by the Court of last resort.

This is a case of first impression in respect to the issue of law upon the question whether a promise made in one place to deliver narcotics at another for money consideration paid partly at the first and partly at the second place, constitutes a sale at the first or at the second place.

It is claimed, first, that the court erred in affirming that the Municipal Court had jurisdiction to determine and declare said alleged forfeiture. Second, the court erred in holding as a matter of law that the alleged sale of narcotics was made upon the leased premises.

Third, court erred in holding as a matter of law that the right of the Building Co. to declare said forfeiture was not waived by continuing relation of landlord and tenant and demanding and receiving rent for three months after knowledge of said alleged offense. Fourth, court erred in approving the extensive exclusion of evidence sought to be elicited upon cross-examination reflecting upon the interest and credibility of indispensable witnesses.

Attorneys—Johnson, Johnson & Farber for Poulos et; Hackett & Lynch for Building Company; all of Toledo.